IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BRANDON ARLANDER KINSEY,

                    Plaintiff,

         v.                              CASE NO. 20-3262-SAC

WYANDOTTE COUNTY UNIFIED GOVERNMENT, et al.,

                    Defendants.


## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis.

### Nature of the Complaint

The complaint states that on October 10, 2019, at approximately 7:30 a.m., plaintiff reported symptoms of migraine, shortness of breath, and chest pain to an officer of the Allen County Jail, where he was housed temporarily. The officer checked his vital signs and blood pressure. Because the blood pressure reading was high, the officer notified staff that plaintiff should see the doctor. Plaintiff was notified he was placed on the list for a doctor visit.

At about 11:00 a.m., plaintiff was seen by a doctor, who found all of his vital signs were normal. Because the doctor said he could not rule out anything on that basis, he advised plaintiff he would notify Wyandotte County officials of the recommendation that lab tests and an EKG be performed.

At about 3:30 p.m., plaintiff was told that Wyandotte County officers were coming to pick him up. He arrived at the Wyandotte County Detention Center (WCDC) at about 8:00 p.m., and medical staff there

performed an EKG and again checked his vital signs. All were normal.

Following this process, plaintiff was taken to disciplinary housing. He later received a disciplinary citation charging him with interference with security or orderly operations.

On October 15, 2019, plaintiff had a disciplinary proceeding and was sanctioned with a 20-day placement in the disciplinary housing unit. On October 29, 2019, he was released from the WCDC.

Plaintiff alleges violations of his rights under the Fifth and Eighth Amendments. He sues the Wyandotte County Unified Government; the Allen County Sheriff's Office; Jeffery S. Fewell, (fnu) Patrick, and (fnu) Roland, officers of the WCDC; and Sara Toms, the disciplinary officer of the WCDC. He seeks damages, additional training for staff, and an apology.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the

scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court's initial review of the complaint reveals several deficiencies.

First, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or omissions that allegedly violated the plaintiff's rights. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). The complaint does not identify any specific act or omission by any of the four individuals named as defendants. Plaintiff will be given an opportunity to amend his complaint to provide specific allegations of personal participation.

Next, the Allen County Sheriff's Office is not a proper defendant in this action. "[S]ection 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. Of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). A governmental sub-unit, such as a sheriff's department, is not a suable entity that may be sued under § 1983. *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)). *See* K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners); *Brown v. Sedgwick County*

*Sheriff's Office*, 513 Fed.Appx. 706, 707-08 (10th Cir. Mar. 12, 2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); *Wright v. Wyandotte County Sheriff's Dept*., 963 F.Supp. 1029, 1034 (D. Kan. 1997)(dismissing a § 1983 claim against a Kansas county sheriff's office on the same ground). This defendant is subject to dismissal from this action.

The complaint also names the Unified Government of Wyandotte County as a defendant. However, plaintiff provides no specific claims concerning this entity. The Unified Government cannot be sued under § 1983 on a theory of respondeat superior. *See Monell v. Dep't of Social Serv*., 436 U.S. 658, 692 (1978). Instead, it may be held liable under § 1983 only if an official custom or policy resulted in a violation of plaintiff's constitutional rights. *Monell*, 436 U.S. at 694; *Kentucky v. Graham,* 473 U.S. at 165-66.

The present complaint does not identify any ground for liability against the Unified Government, and unless plaintiff presents a basis for liability in his amended complaint, this defendant is subject to dismissal.

### Order to Show Cause

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed, or, in the alternative, to submit an amended complaint that corrects the deficiencies identified in this order.

If plaintiff chooses to submit an amended complaint, it must be submitted upon a court-approved form. An amended complaint is not an addendum or supplement to the original complaint but supersedes it. Therefore, any claims or allegations not presented in the amended

complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff also must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **January 19, 2021,** to show cause why this matter should not be dismissed for the reasons set forth and to submit an amended complaint that cures the deficiencies. The failure to file a timely response may result in the dismissal of this matter without additional prior notice. The clerk of the court is directed to transmit a form pleading to plaintiff.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the balance of the $350.00 filing fee in this matter in installments calculated under 28 U.S.C. § 1915(b)(2). A copy of this order shall be transmitted to plaintiff's custodian as notice of this obligation.

**IT IS SO ORDERED.**

DATED:  This 18th day of December, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge